UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No.: 18-CR-00323 (ABJ) |
| | : | |
| v. | : | |
| | : | |
| WILLIAM PHINIZY | : | |

GOVERNMENT'S MEMORANDUM IN SUPPORT OF
PRETRIAL DETENTION AND FOR COMPETENCY HEARING

The United States respectfully submits this memorandum in support of its October 23, 2018, motion for pretrial detention pursuant to 18 U.S.C. § 3142(e), and its request for a competency hearing and examination in the custody of the Attorney General pursuant to 18 U.S.C. §§ 4241(a-b), 4247(b).

FACTUAL BACKGROUND

Defendant William Phinizy was charged by complaint on October 23, 2018, with three criminal violations: (1) 18 U.S.C. § 111(a)(1) (intimidating or interfering with designated officers); (2) 18 U.S.C. § 1361 (injuring or committing any depredation against property of the United States); and (3) 18 U.S.C. § 1752(a)(4) and (b)(1)(A) (engaging in physical violence against property in restricted buildings or grounds).

The charges arose from conduct that occurred in the prior afternoon of October 22, 2018. The defendant intentionally drove his car into a vehicle entry barrier in the restricted area of the White House complex, causing more than $1,000 in damage to the barrier. The vehicle entry barrier was at a checkpoint manned by officers of the United States Secret Service, and is part of the restricted area that surrounds the White House. The defendant immediately raised his hands

into the area after striking the barrier, as if to reveal to law enforcement that he was unarmed. He explained to Secret Service officers that he (1) had bugs inside of him, (2) was trying to get away from people that were chasing him, and (3) striking the barrier with his car was his last hope.

In a post-arrest interview after waiving *Miranda* rights, the defendant stated that he has been diagnosed with post-traumatic stress disorder, depression, and traumatic brain injury, and that he takes medication for these conditions. He explained that his trip to the White House began in Florida (where he lives), and that he had recently visited multiple hospitals there. He said he then traveled to a FBI facility in North Carolina to speak with law enforcement agents, but was denied access. The defendant said he then traveled to the Washington, D.C., area and drove to the Pentagon to speak with law enforcement officials. He said he generally wanted to tell law enforcement that he was being followed by a gang of people that had been hired by his father-in-law to kill him. The defendant said he then went to the FBI building in Washington, D.C., but was told that the doors were locked. He then traveled to the White House in what he described as a panic. He said he knew that crashing into the White House vehicle gate would make a statement, and that he did it on purpose. He said he did not want to hurt anyone, but that he wanted to speak with USSS personnel because he thought they would keep him safe from the people following him. The defendant said he owns firearms that are located at his parents' residence, and that he previously owned handguns but they were taken away from him. (Law enforcement recovered one piece of spent ammunition in his car.)

We learned that the defendant has a restraining order filed against him in Florida.

At the initial appearance on October 23, 2018, the government moved for pretrial detention and for a competency examination. We learned that a forensic screening has been scheduled for the morning of October 26, 2018.

The grand jury returned a two-count indictment on October 25, 2018, charging the defendant with: (1) 18 U.S.C. § 1361 (injuring or committing any depredation against property of the United States); and (2) 18 U.S.C. § 1752(a)(4) and (b)(1)(A) (engaging in physical violence against property in restricted buildings or grounds). Each count carries a statutory maximum that includes up to ten years of incarceration.

## ARGUMENT

The Court should defer ruling on the government's request for detention until after a competency examination in the custody of the Attorney General, a competency hearing, and any necessary period of competency treatment. "[I]f there is reasonable cause to believe that a defendant has a mental disease rendering him unable to understand the nature and consequences of the proceedings and against him and/or to assist in his defense, it makes sense that the preliminary hearing and detention hearing be deferred until such time as the defendant has been determined to be mentally competent." *United States v. Moser*, 541 F. Supp. 2d 1235, 1237 (W.D. Okla. 2008). *But see*, *United States v. Crawford*, 738 F.Supp. 564, 565 (D.D.C. 1990) ("[T]he need for scrutinizing a defendant's understanding of the proceedings at initial phases appears to be somewhat lesser than during trial."). Where there are concerns about a defendant's competency to understand the proceedings, it is also difficult to assess in any meaningful way the defendant's risk of flight.

If the Court is inclined to rule on the detention request at the hearing on October 26, however, the Court should find that no condition or combination of conditions would reasonably

assure the defendant's appearance as required and the safety of the community.  The defendant deliberately used his car in an extremely dangerous manner, causing it to strike and damage government property at a sensitive location.  His explanation of the reasons for his conduct provides no reason to believe such conduct would cease if release: he said he did it on purpose in order to attract law enforcement attention to his personal struggles.  He has a history of weapons possession and may have access to firearms.  This conduct reveals that the defendant is a dangerous person who should not be released to the community pending trial.  The defendant's history of mental illness and present conduct offers additional reasons for concern that the defendant will not abide by judicially-imposed release orders.  The Florida restraining order served on him indicates that the defendant's troubles are not limited to the past week.

Finally, a competency examination in the custody of the Attorney General pursuant to 18 U.S.C. § 4241 is appropriate under these circumstances.  There is reasonable cause to believe that the defendant may be "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(b).  The parties are awaiting the results of the initial forensic examination.  Pursuant to the provisions of 18 U.S.C. § 4247(b), the Court should commit the defendant to the custody of the Attorney General for a period not to exceed 30 days (unless a request for extension is made) in order that the screening may be done by a licensed examiner designated by the court, at a suitable facility for the examination.  If the defendant is determined to be incompetent to stand trial, he should be remanded to the custody of the Attorney General for placement in an appropriate treatment facility. See 18 U.S.C. Section 4241(d).  See also United States v. Shawar, 865 F.2d 856 (7th Cir. 1989) (defendant found incompetent must be transferred to custody of Attorney General for placement

in an appropriate treatment facility); United States v. Lewis, 5 F.Supp.2d 51 (S.D.N.Y. 2014) (same).  The Speedy Trial Act provides for exclusion of time under these circumstances.  *See* 18 U.S.C. § 3161 (h)(1)(A).

## CONCLUSION

For the foregoing reasons, the government requests that the Court stay consideration of the government's request for detention pending the results of the competency examination in the custody of the Attorney General, or alternatively order that the defendant be detained pending trial prior to the competency examination.

Respectfully submitted,

JESSIE K. LIU
United States Attorney
D.C. Bar No. 472845

By: _____/s/_____
MICHAEL J. FRIEDMAN
Assistant United States Attorney
N.Y. Bar No. 4297461
555 4th St., N.W.
Washington DC 20530
(292) 252-6765
Michael.Friedman@usdoj.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | **Case No.: 18-CR-00323 (ABJ)** |
| : | |
| v. : | |
| : | |
| **WILLIAM PHINIZY** : | |

### PROPOSED ORDER

Having considered the United States' Motion for Pretrial Detention and Competency Examination and Hearing, as well as any materials presented in opposition thereto, **IT IS HEREBY ORDERED** that the motion be, and hereby is, **GRANTED**.

The Court finds that there is reasonable cause to believe that a mental competency examination is warranted.  It is **ORDERED** that the defendant be committed to the custody of the Attorney General of the United States pursuant to 18 U.S.C. Section 4247(b) for a period not to exceed 30 days for placement in a suitable facility for a competency examination.  The examination shall be conducted by a licensed or certified psychiatrist and/or psychologist, or more than one such examiner.  A report shall be prepared by the examiner, and shall be filed under seal with the Court with copies provided to counsel for the defendant and to the attorney for the government.  The report shall include:

(1) The defendant's history and any present mental health symptoms relevant to his legal competency;

(2) A description of the psychiatric, psychological, and medical tests that were employed and their results;

(3) The examiner's findings;

(4) The examiner's opinions as to diagnosis and prognosis; and

(5) Whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

It is also **ORDERED** that the United States Marshal shall transport the defendant to a designated facility for the examination.

The Court will consider the United States' pending request for pretrial detention upon resolution of the competency hearing.

**IT IS SO ORDERED**.

                                                                                      The Honorable Deborah Robinson
United States Magistrate Judge