## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. Action No. 18-0323 (ABJ) |
| | ) | |
| WILLIAM J. PHINIZY, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

On October 22, 2018, defendant William J. Phinizy, a 49-year-old decorated Army Sergeant, drove a car into a vehicle entry barrier at the White House, causing damage to the barrier. Agents of the U.S. Secret Service arrested him that day, and he was charged with assaulting, resisting, or impeding certain officers or employees in violation of 18 U.S.C. § 111(a)(1) and (b); destruction of government property in violation of 18 U.S.C. § 1361; and physical violence against property in any restricted building or grounds in violation of 18 U.S.C. § 1752(a)(4) and (b)(1).

On October 23, 2018, defendant was brought before a Magistrate Judge for an initial appearance, and the government moved for temporary detention (3-day hold) and for forensic screening to be conducted by the Department of Behavioral Health. *See* Minute Entry (Oct. 23, 2018). The Court granted these motions. *Id.* On October 25, 2018, the grand jury returned an indictment charging defendant with destruction of government property and physical violence against property, but not with the assault on the officers. On October 26, 2018, the Court continued the arraignment to October 31, 2018 because the Department of Behavioral Health had not completed its forensic screening. *See* Minute Entry (Oct. 26, 2018). That same day, the government moved for pretrial detention and to commit the defendant to the custody of the

Attorney General for a psychological competency evaluation. *See* Gov.'s Mem. in Supp. of Pretrial Detention and for Competency Hearing [Dkt. # 5] ("Gov.'s Pretrial Motion"). On October 30, 2018, the Department of Behavioral Health submitted the forensic screening report to the Court, *see* Forensic Report [Dkt. # 6], and the next day, the Magistrate Judge granted the government' motion to commit the defendant to the custody of the Attorney General for a psychological competency evaluation. *See* Minute Entry (Oct. 31, 2018). The Magistrate Judge stayed the motion for pretrial detention pending the resolution of defendant's competency. *Id.*

On January 21, 2019, defendant moved to dismiss the indictment based upon a violation of the Speedy Trial Act, 18 U.S.C. § 3161. *See* Def.'s Mot. to Dismiss [Dkt. # 10]. Defendant asserted that 87 days had passed since the Magistrate Judge had ordered that he be transported for the competency evaluation, and he argued that since he had not been tried within the 70-day time period required by the Speedy Trial Act, the Court was required to dismiss the indictment. *Id.* at 5, citing 18 U.S.C. § 3161.

In response, the government argued that there had been no Speedy Trial Act violation because the motion for pretrial detention had been pending since defendant's first appearance, and the Speedy Trial Act excludes the time resulting from "any pretrial motion." Gov.'s Opp. to Def.'s Mot. [Dkt. # 13] ("Gov.'s Opp.") at 7. The government also pointed out that the defendant did not enter a guilty plea until February 26, 2019, and the 70-day Speedy Trial Act timetable only applies in cases in which the plea has been entered, so it took the position there was no violation of the Speedy Trial Act under these circumstances. *See* Gov.'s Response to Court Order [Dkt. # 18] ("Gov.'s Resp.") at 3. Finally, the government maintained that the time it took to transport defendant to the competency evaluation was reasonable and should therefore be excluded from the Speedy Trial Act calculation. Gov.'s Opp. at 8–9.

The government's first argument fails because the delay caused by transporting defendant to the competency hearing did not "result from" the pretrial detention motion. The Speedy Trial Act states that the 70-day period excludes "[a]ny period of delay *resulting from* . . . any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D) (emphasis added). In *Bloate v. United States*, the Supreme Court interpreted "resulting from" to mean "proceedings involving" the pretrial motions. 599 U.S. 196, 205 n.9 (2010). And in *United States v. Tinklenberg*, the Supreme Court stated that this provision in the Act "is best read to instruct measurement of time actually consumed by consideration of the pretrial motion." 563 U.S. 647, 656 (2011). The delays in transporting defendant for his competency evaluation did not "result from" the pendency of the motion for pretrial detention because the competency evaluation was not a proceeding involving, or time consumed considering. the motion for pretrial detention. While these motions were made at the same time, and the Magistrate Judge deferred any consideration of the detention motion pending the outcome of the competency evaluation, the two were entirely separate motions; defendant would have needed the competency evaluation even if the government had not moved for pretrial detention. Indeed, on January 31, 2019, the Magistrate Judge found that "no period of delay resulted from any proceeding with respect to the Government's motion for a Detention Hearing." *See* Min. Entry (Jan. 31, 2019).

The government also argues that there can be no violation of the Speedy Trial Act because defendant did not enter his guilty plea until February 26, 2019, and so the clock did not begin ticking until that time. But this argument is contrary to the plain language of the statute. The Speedy Trial Act states:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

Accordingly, while it is the entry of a guilty plea that determines the applicability of the act, it does not control the computation under the Act. Once it is decided that the Act applies, that is, once the defendant pleads not guilty, the Court must look to either the date of indictment or the first appearance by the defendant before a judicial officer to identify the date from which the 70-day clock began to run. While the D.C. Circuit has not weighed in on this issue, other courts in this district have agreed with this interpretation as have other circuits around the country. *See United States v. Sparks*, 885 F. Supp. 2d 92, 98 (D.D.C. 2012), citing *United States v. Lopez-Valenzuela*, 511 F.3d 487, 490 (5th Cir. 2007); *see also United States v. Tootle*, 65 F.3d 381 (4th Cir. 1995); *United States v. Carrasquillo*, 667 F.2d 382, 384 (3d Cir. 1981).

Thus, it falls to the Court to determine whether the delay in this case was reasonable. While the government has proffered what may prove to be legitimate grounds for several periods of delay in the chronology, it has failed to supply the "supporting medical or administrative records" requested by the Court in its Order dated February 19, 2019 [Dkt. # 15] that would substantiate those grounds and enable the Court to make an informed determination. *See* Gov.'s Resp. at 1–2. Therefore, it is

4

**ORDERED** that the government must supply to the Court, by March 22, 2019, any records substantiating the medical reason for the delay between November 14 and December 6; the need for, and any written policies concerning, the 21-day quarantine for chicken pox; and any record showing the cancellation of the airlift on December 10, 2018 and the reason it was necessary.

/s/ Amy B. Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: March 18, 2019